IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SARA EVELINDA MONTOYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv1216 (JCC/IDD) |
| ) | |
| JH & MERCY ENTERPRISE LLC and ) | |
| JIHYUN JUNG, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This Fair Labor Standards Act action is before the Court on Defendant JH & Mercy Enterprise LLC's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Dkt. 9.]  The motion has been fully briefed and is now before the Court.

### I. Background[1]

Plaintiff Sara Evelinda Montoya ("Plaintiff") was employed by Defendant JH & Mercy Enterprise LLC ("Defendant") as a laborer from April 19, 2011 through June 6, 2014.  (Compl. [Dkt. 1] at 1-3.)  Between April 19, 2011 and August 1, 2013, Plaintiff worked an average of 62.5 hours per week, but only

---

[1] In considering a motion to dismiss for failure to state a claim, as is the case here, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[.]" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Accordingly, the following facts, taken from Plaintiff's Complaint, are accepted as true for purposes of this motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1

earned $5.98 per hour and was not paid overtime.  (Id. at ¶¶ 16, 19-20.)  Between August 2, 2013 and June 6, 2014, Plaintiff again worked an average of 62.5 hours per week, but only earned $6.42 per hour and again, was not paid overtime.  (Id. at ¶¶ 17, 19-20.)  During this period of time, Plaintiff was owed, but not paid, minimum wage and overtime compensation.  (Id. at ¶¶ 15-20.)  Plaintiff seeks past total wages and overtime compensation owed under the Fair Labor Standards Act ("FLSA").  (Id. at 5.)

Defendant now moves to dismiss the Complaint in part as to Plaintiff's demand for overtime pay.  [Dkt. 9.]  Defendant argues that as an "agricultural worker," Plaintiff was not entitled to overtime pursuant to 29 U.S.C. § 213(b)(12). (Def.'s Mem. [Dkt. 9-2] at 2-4.)  Plaintiff filed an opposition memorandum.  (Pl.'s Opp'n [Dkt. 12].)  Defendant did not file a reply brief, the time to so file has expired, and therefore, the motion is ripe for disposition.[2]

## II. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [it] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012) (citations and internal quotation marks

---

[2] Defendant requested a hearing on this motion [Dkt. 14], but in accordance with E.D. Va. Local Civil Rule 7(J) and Rule 78 of the Federal Rules of Civil Procedure, the Court dispenses with oral argument and issues this ruling without a hearing.

omitted).  A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff.  See <u>Randall v. United States</u>, 30 F.3d 518, 522 (4th Cir. 1994).  However, the court need not accept as true legal conclusions disguised as factual allegations.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679-81 (2009).

### III. Analysis

In short, Defendant's motion to dismiss will be denied because it raises a question of fact as to Plaintiff's work duties, which is not an appropriate basis for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the Complaint, Plaintiff alleges she "worked for Defendants as a laborer."  (Compl. at 1.)  She does not claim that she worked as an agricultural laborer, nor does she go on to describe her work duties in any detail.  (<u>Id.</u> at 2-5.)  Defendant contends that Plaintiff "qualifies as an agricultural laborer," and is thus exempt from FLSA's overtime compensation requirements.  (Def.'s Mem. at 3.)

Whether Plaintiff worked as a "laborer" or as an "agricultural laborer" is not properly resolved by the Court on motion to dismiss pursuant to Rule 12(b)(6).  Stated differently, this is a question of fact.  Because the Court must accept Plaintiff's well-pleaded allegations as true, <u>Randall</u>, 30

3

F.3d at 522, at this stage in the litigation, the Court accepts Plaintiff's allegations that she worked as a laborer. The Court cannot "resolve contests surrounding the facts [or] the merits of a claim" at this stage. Butler, 702 F.3d at 752. After the benefit of a more complete record through discovery, this issue could be more properly examined. For purposes of a Rule 12(b)(6) motion, however, Plaintiff's Complaint states a claim for relief under FLSA that is plausible on its face against Defendants. Nemet Chevrolet, Ltd., 591 F.3d at 255-56 (quoting Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding the factual allegations in the complaint must nudge plaintiff's claims "across the line from conceivable to plausible."))).

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss.

An appropriate Order will issue.

                                      /s/
December 15, 2014                     James C. Cacheris
Alexandria, Virginia       UNITED STATES DISTRICT COURT JUDGE